# EXHIBIT A

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation
Jeffrey P. Resnick, Esquire (#030481995)
308 Harper Drive
East Gate Corporate Center, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
Attorneys for Defendants/Third Party Plaintiffs Parents First Homecare, Inc. and David Giacobbo

| | |
|---|---|
| Donna Tatlici, as Guardian ad Litem and Power of Attorney for Taylor Rambo, | Superior Court of New Jersey Law Division-Burlington County |
| Plaintiff, | Docket No.: BUR-L-1035-18 Civil Action |
| v. | Third Party Complaint |
| Parents First Homecare, Inc., David Giacobbo, Harold David, John Does 1-10, and Jane Does 11-15, | |
| Defendants, | |
| Parents First Homecare, Inc., David Giacobbo, | |
| v. | |
| Certain Underwriters at Lloyd's of London | |

Third-Party Plaintiffs Parents First Homecare, Inc. and David Giacobbo (collectively "Parents First"), by and through their undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against third-party defendant Certain Underwriters at Lloyd's of London ("Lloyd's"), hereby state and aver as follows:

-1-

2018388.2

## PARTIES

1. Third Party Plaintiff Parents First Homecare, Inc. is a Pennsylvania corporation doing business in New Jersey with a principal place of business at 2400 S. 21st Street, Philadelphia, PA 19145.

2. Third Party Plaintiff David Giacobbo is the President and Director of Operations of Parents First Homecare, Inc. with a principal place of business at 2400 S. 21st Street, Philadelphia, PA 19145.

3. Defendant Certain Underwriters at Lloyd's of London is an insurance company believed to be licensed to do business in the State of New Jersey with its place of business at a principal place of business of c/o Mendes & Mount, LLP, 750 Seventh Avenue, New York, New York 10019-6829.

## VENUE

4. Venue is proper in Burlington County because the parties to this action regularly conduct business in Burlington County. See R. 4:3-2.

## FACTS COMMON TO ALL COUNTS

5. Parents First is a named insured under Lloyd's Policy No. SGP-104088-00 and Lloyd's Policy No. W21F66180101.

6. Policy No. SGP-104085-00 was in effect from January 18, 2017 through January 18, 2018.

7. Policy No. W21F66180101 is in effect from February 14, 2018 through February 14, 2019.

8. At all times, Parents First paid Lloyd's the premium amounts owed and expected full coverage as per each of the policies.

9. At all times, Parents First has complied with the terms and conditions of each of the policies.

10. On or about May 17, 2018, while Lloyd's acted as insurers for Parents First, Donna Tatlici as Guardian ad Litem and Power of Attorney for Taylor Rambo ("Underlying Plaintiff") filed this lawsuit ("Action").

11. Underlying Plaintiff asserted a claim for Negligence, Gross Neglect, Negligent Supervision and Negligent Hiring, Consumer Fraud, Assault and Battery, Punitive Damages and other allegations, against Parents First, essentially alleging that, during the approximate time period of June 9, 2017 to August 24, 2017, Parents First provided negligent care to Underlying Plaintiff, and further claiming that Parents First was negligent in the supervision of its employees which allegedly resulted in an employee subjecting Underlying Plaintiff to sexual and non-sexual abuse and identity theft.

12. The Underlying Plaintiff further alleges that as a result of the sexual and non-sexual actions towards him, Underlying Plaintiff suffered significant injuries.

13. Upon notice of the Underlying Action, Parents First timely notified Lloyd's and requested that Lloyd's defend and indemnify Parents First pursuant to the terms of either of its policies.

14. Lloyd's refused to provide a defense or indemnification to Parents First.

15. As a result of Lloyd's denial of coverage, Parents First has and will continue to incur substantial litigation costs.

## COUNTS AND CAUSES OF ACTION

### COUNT ONE – DECLARATORY JUDGMENT PURSUANT TO THE DECLARATORY JUDGMENT ACT, N.J.S.A. 2A:1-50, ET SEQ.

16.     Parents First hereby repeats and re-alleges the contents of each of the foregoing paragraphs as if they were fully stated herein.

17.     N.J.S.A. 2A:16-53 provides that a party "interested under a … written contract or other writing constituting a contract … may have determined any question of construction or validity arising under the instrument [or] contract … and obtain a declaration of rights, status or other legal relations thereunder." See N.J.S.A. 2A:16-53.

18.     By virtue of this action, Parents First seeks a Declaratory Judgment setting forth the following:

   a. Lloyd's is obligated to defend and indemnify Parents First in connection with the negligence claim asserted in the Underlying Action;

   b. In accordance with the plain language of its policies and/or the reasonable expectations of Parents First, Lloyd's is obligated to defend and indemnify Parents First in connection with all claims asserted by the Underlying Plaintiff;

   c. No language in the policies (or its endorsements) serves to exclude the Action from coverage.

**WHEREFORE**, third-party plaintiffs Parents First Homecare, Inc. and David Giacobbo respectfully request a Declaratory Judgment in their favor and against third-party defendant Certain Underwriters at Lloyd's of London, costs of suit, attorney's fees pursuant to R. 4:42-9, pre- and post-judgment interest and such other relief as is just and proper in the circumstances presented.

## COUNT TWO – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

19. Parents First hereby repeats and re-alleges the contents of each of the foregoing paragraphs as if they were fully stated herein.

20. New Jersey law implies a covenant of good faith and fair dealing into all contracts. See Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396 (1997).

21. This covenant can give rise to liability both in connection with and independent of "the express terms of the contract." See id. at 423.

22. Lloyd's has no basis to deny Parents First's request for defense and indemnification.

23. Lloyd's has breached its duty to act in good faith and fairly to Parents First with regard to the Policy.

24. Lloyd's refusal to defend and indemnify Parents First in breach of its duty to Parents First is contrary to the laws of the State of New Jersey.

25. As a result of the bad faith conduct described herein, Parents First has been damaged and will continue to be damaged.

**WHEREFORE**, third-party plaintiffs Parents First Homecare, Inc. and David Giacobbo respectfully request a Judgment in their favor and against third-party defendant Certain Underwriters at Lloyd's of London for damages (including treble damages), costs of suit, attorney's fees, pre- and post-Judgment interest and such other relief as is just and proper in the circumstances presented.

Dated: _____

                                    SHERMAN, SILVERSTEIN, KOHL,
                                    ROSE & PODOLSKY, P.A.

By: _____
      Jeffrey P. Resnick, Esquire
      Attorneys for Defendants/Third-Party Plaintiffs
      Parents First Homecare, Inc., and David Giacobbo

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

Pursuant to R. 4:5-1(b)(2), the undersigned hereby certifies as follows:

1. To the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any other court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

2. To the best of my knowledge and belief, at the present time, I know of no parties (other than the ones set forth in this pleading) that should be joined in the within action.

Dated: _____

                                  SHERMAN, SILVERSTEIN, KOHL,
                                  ROSE & PODOLSKY, P.A.

By: _____
     Jeffrey P. Resnick, Esquire
     Attorneys for Defendants/Third-Party Plaintiffs
     Parents First Homecare, Inc., and David Giacobbo

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Jeffrey Resnick is hereby designated as trial counsel for third-party plaintiffs Parents First Homecare, Inc., and David Giacobbo.

Dated: _____

                                      SHERMAN, SILVERSTEIN, KOHL,
                                      ROSE & PODOLSKY, P.A.

By: _____
      Jeffrey P. Resnick, Esquire
      Attorneys for Defendants/Third-Party Plaintiffs
      Parents First Homecare, Inc., and David Giacobbo

-8-

2018388.2